UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80654-CIV-MARRA/MATTHEWMAN

JANICE LEE,

Plaintiff,

vs.

BETHESDA HOSPITAL, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Bethesda Hospital, Inc.'s Motion to Dismiss (DE 9).  Plaintiff Janice Lee filed a response (DE 11).  No reply memorandum was filed. The Court has carefully considered the motion and the response and is otherwise fully advised in the premises.

I.  Background

Plaintiff Janice Lee ("Plaintiff") brings this Complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 in an effort to challenge a Florida Statute, designated as Chapter 2013-108. (DE 1.)  According to the allegations of the Complaint, Plaintiff is contemplating filing a medical malpractice action against Defendant Bethesda Hospital, Inc. ("Defendant") for injuries sustained as a result of medical care that did not meet the prevailing standard of care.[1]  Plaintiff has not filed a notification of intent to sue pursuant to state law, Florida Statute § 766.106, which requires a 90 day notice of intent to initiate litigation to each prospective defendant in a medical malpractice action.  Under Chapter 2013-108, Plaintiff would be required to provide a release

---

[1] The State of Florida has entered a limited appearance in this action. (DE 10.)

authorizing Defendant to have <u>ex parte</u> communications with all of her treating health care providers.  Plaintiff asserts this requirement would be a violation of the Health Insurance Portability and Accountability Act ("HIPPA"),  Pub. L. No. 104–191, 110 Stat.1936 (1996).  (Compl. ¶ 2.) Plaintiff requests a declaration of her federal rights under HIPAA with respect to Chapter 2013-108's authorization of the release of personal health information and <u>ex parte</u> communications with her health care provider. (Compl. ¶ 26.)

     Defendant moves to dismiss the Complaint on the basis that it does not establish a case or controversy.  Specifically, Defendant states that Plaintiff has not engaged in the pre-suit process and has not alleged she obtained an affidavit corroborating there is a reasonable basis for her to file suit.  Defendant also contends that Plaintiff's claim is based on speculation regarding what the state court may do when she files her medical malpractice action and Plaintiff could simply present her constitutional challenge to the state court.

     Plaintiff argues that a declaratory judgment action is the appropriate avenue for relief because this dispute arises during the presuit period, before any court has jurisdiction.  Additionally, Plaintiff points out that under Chapter 2013-108 she is required to either give up her privacy rights under HIPAA or fail to comply with the state statute and jeopardize her medical malpractice action.  Lastly, Plaintiff points out that the parties have adverse legal interests and there is a real and immediate threat to her federal rights.

## II. Legal Standard

### A. Standard of Review

A claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) if a federal court lacks subject matter jurisdiction to hear the claim. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. See New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). When evaluating a facial attack on a complaint for lack of subject matter jurisdiction, the Court takes the allegations contained in the plaintiff's complaint as true and then resolves the question of whether subject matter jurisdiction exists as a matter of law. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990).

### B. "Case or Controversy" Requirement

In order for a federal court to have subject matter jurisdiction to hear an action, there must be an actual case or controversy. U.S. Const. Art. III, § 2, cl. 1. In actions pursuant to the Declaratory Judgment Act, the Supreme Court has held that the dispute before the court must be " 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127  (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)). The analysis focuses on whether "the factual and legal dimensions of the dispute are well defined," and not on the risk or imminent threat of suit. Id. at 128. If the " 'facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

and reality,' " then a case or controversy exists for the purposes of the Declaratory Judgment Act. Id. at 127 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

III. Discussion[2]

Chapter 2013-108 amends Florida Statute § 456.057 to permit disclosure to "a health care practitioner's or provider's attorney during a consultation if the health care practitioner or provider reasonably expects to be deposed, to be called as a witness, or to receive formal or informal discovery requests in a medical negligence action, presuit investigation of medical negligence, or administrative proceeding." Chapter 2013-108 (amending Florida Statute 456.057).

Chapter 2013-108 also amends Florida Statute § 766.106(6)(b)(5) by providing as follows:

> A prospective defendant or his or her legal representative may interview the claimant's treating health care providers consistent with the authorization for release of protected health information. This subparagraph does not require a claimant's treating health care provider to submit to a request for an interview. Notice of the intent to conduct an interview shall be provided to the claimant or the claimant's legal representative, who shall be responsible for arranging a mutually convenient date, time, and location for the interview within 15 days after the request is made. For subsequent interviews, the prospective defendant or his or her representative shall notify the claimant and his or her legal representative at least 72 hours before the subsequent interview. If the claimant's attorney fails to schedule an interview, the prospective defendant or his or her legal representative may attempt to conduct an interview without further notice to the claimant or the claimant's legal representative.

Chapter 2013-108 (amending Florida Statute § 766.106(6)(b)(5)).

The law also "expressly allows the persons or class of persons listed . . . to interview the health care providers listed . . . without the presence of the patient or the patient's attorney." Chapter

---

[2] This Court's discussion of the relevant statute is based upon Plaintiff's allegations regarding its meaning and import. This Order should not be construed as an indication by the Court that Plaintiff's assertions as to the meaning and import of the statute are correct.

2013-108 (amending Florida Statute § 766.1065).

The regulations to HIPAA state that health care providers may not "disclose protected health information except as permitted or required by this subpart or by subpart C of the part 160 of this subchapter." 45 C.F.R. § 164.502(a). With respect to judicial or administrative proceedings, HIPAA regulations permit disclosure by an order from a court or administrative tribunal. 45 C.F.R. 164.512(e)(1). In response to a subpoena, discovery request or other lawful process that is not accompanied by an order of a court or administrative tribunal, private health care information may only be disclosed if reasonable efforts have been made to ensure that the individual who is the subject of the protected health information has been given notice of the request or a qualified protective order has been obtained. 45 C.F.R. 164.512(e)(1)(ii).

According to Plaintiff, Chapter 2013-108 is preempted by HIPAA. Specifically, the state statute requires Plaintiff to authorize Defendant to engage in ex parte interviews with her health care providers beginning during the 90-day presuit period, before any action may be filed and when no state court has jurisdiction over her dispute. On the other hand, if Plaintiff withholds her authorization for ex parte interviews, Plaintiff's failure to comply with all the requirements of the 90-day presuit notice will allow the statute of limitations to continue to run. Florida Statute § 766.106. Put another way, under the new state law, Plaintiff claims she must either forfeit her privacy rights under HIPAA or her medical malpractice claim.

The Court agrees with Plaintiff that the declaratory judgment act is the appropriate mechanism to resolve this dispute and determine whether the new state statute interferes with and is inconsistent with her rights under federal law. To begin, no other court has jurisdiction over this dispute during the period of 90 days after Plaintiff serves notice of intent to sue upon all prospective

5

malpractice defendants.  Hence, only a declaratory judgment action can determine how Plaintiff should proceed with her malpractice claim in light of the newly enacted state statute.  See B. Braun Med., Inc. v. Abbott Labs., 124 F.3d 1419, 1428 (Fed. Cir. 1997) ("the Act is a procedural device that provides a new, noncoercive remedy (a declaratory judgment) in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy (such as an injunction or damages award)").  Indeed, the declaratory judgment act is well suited for cases in which a plaintiff would have to choose between complying or violating a disputed law.  The United States Supreme Court has stated "we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat - for example, the constitutionality of a law threatened to be enforced."  MedImmune, 549 U.S. at 129; see also National Rifle Ass'n v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997) (the declaratory judgment act "provides the mechanism for seeking pre-enforcement review of a statute").

Here, the parties have adverse legal interests.  Plaintiff alleges her HIPAA rights would be violated if she is required to comply with the new state law.  This fact gives rise to a threat of sufficient immediacy to warrant a declaratory judgment action.  See Murphy v. Dulay et al., No. 4:13-CV-378, 2013 WL 5498140, at * 2 (N.D. Fla. Sept. 25, 2013) (finding the plaintiff has standing to challenge Chapter 2013-108 because he will suffer a real injury if his private health care information is disclosed in an illegal interview or if he forgoes a medical negligence claim to avoid disclosure).

In so ruling, the Court relies upon Khodara Envtl., Inc. v. Blakey, 376 F.3d 187, 195 (3d Cir. 2004) and Triple G Landfills, Inc. v. Board of Commissioners, 977 F.2d 287 (7th Cir. 1992).  In Khodara, a developer sued the state and the Federal Aviation Authority ("FAA") in order to

challenge the constitutionality of a federal statute that precluded the construction of a landfill. Id. at 190. Among other arguments, the FAA argued that the developer's claim was not ripe because the developer "has not shown that it will be able to obtain state permits to construct the proposed landfill." Id. at 196. In holding that the claim was ripe for a declaratory judgment, the Khodara court stated that a declaratory judgment would allow the developer to know whether it should try to obtain state permits. Id. at 198.

In Triple G, the developer brought suit challenging the constitutionality of a county ordinance which barred it from constructing a landfill, even before the developer applied for the permit. Triple G, 977 F.2d at 288-90. The Triple G court found sufficient ripeness because the issues were "purely legal" and postponing judicial action would force the developer to either "scuttle its development plans altogether in deference to a potentially invalid county regulation, or complete the expensive and time-consuming state permit process, submit a permit application that [the] County is certain to reject, and then, after incurring substantial sunk costs, bring a facial challenge to the ordinance." Id. at 290.

Based on this case law, and Plaintiff's allegations as to the meaning and import of the new state statute, the Court rejects Defendants' arguments that Plaintiff cannot challenge the validity of the pre-litigation discovery provisions of Chapter 2013-108 until she has engaged in the presuit process. The motion to dismiss is denied.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Bethesda Hospital,

Inc.'s Motion to Dismiss (DE 9) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of December, 2013.

_____
KENNETH A. MARRA
United States District Judge